1832.

Cassidy
v.
Meacham.

---

## CASSIDY *vs*. MEACHAM & POND.

A creditor's bill cannot be filed until after the return day of the execution issued upon the complainant's judgment, although the execution should be actually returned before that time.

The complainant must state in his bill the issuing of the execution, the time it was returnable, and the actual return of the sheriff thereon.

THE complainant was a judgment creditor of the defendants, and applied for an injunction under the statute, (2 *R. S.* 174, § 38,) to restrain them from disposing of their property, &c. The bill stated the issuing of a writ of fieri facias on the judgment, returnable "at a certain day therein mentioned;" that the same was delivered to the sheriff on the first of May, instant; and that he made a return thereon that the defendants had no goods or chattels, &c. The chancellor suggested that the allegation in the bill as to the time when the execution was returnable was insufficient; that, for aught that appeared, the sheriff might have made his return upon the execution, and filed it in the office, although the return day had not in fact arrived. The counsel for the complainant admitted that such was the fact in this case; but he insisted upon the right of the

May 16.

complainant to file his bill as soon as the execution was actually returned unsatisfied, although the return day had not yet arrived.

*J. King*, for the complainant.

THE CHANCELLOR. Perhaps a return made by the sheriff on an execution before the return day may be valid by relation, after the expiration of the time the execution has to run. Until the return day, however, it would be the duty of the sheriff to seize and sell any property of the defendants which could be found within his bailiwick. The execution cannot therefore be considered as legally returned unsatisfied until after the return day. The jurisdiction of this court to apply the property of the defendants, which is beyond the reach of the execution at law, to the satisfaction of the debt due to the judgment creditor, proceeds upon the ground that he has exhausted his remedy at law. The creditor must therefore in his bill set out the issuing of the execution, the time at which it was returnable, and the actual return of the sheriff thereon, in such a manner that the court can see that the remedy at law has been legally exhausted. The intention of the legislature was to adopt the principle settled by the court for the correction of errors, in *Hadden v. Spader*, (20 *John. R.* 554;) and not to establish an arbitrary rule, by which the defendant might be harrassed by a suit in chancery when he had sufficient property which could be reached at law during the life of the execution. And it would probably be a valid defence to a bill of this kind to show that the complainant had colluded with the sheriff to prevent a levy upon the defendants' property; or that he had issued his execution into a remote county when he was aware of the fact that the defendant had sufficient property in the county where he resided, or carried on his business, to satisfy the judgment; and which county was also within the jurisdiction of the court of law. In ordinary cases, upon judgments in the supreme court where the execution may be issued into any county, it might be suffieient to set out the issuing of the execution, the time when it was issued and made returnable, and that it had been returned unsatisfied, leaving

the defendant to show, by his plea or answer, that the complainant had not in good faith exhausted his remedy at law, according to the spirit and meaning of the statute. To constitute a valid defence, however, it would probably be necessary for the defendant to show not only that he resided, or had a place of business in some other county, but also that he had visible property there, out of which the execution might have been satisfied if the complainant had exercised due diligence to ascertain the fact.

In the case under consideration, the court cannot legally know or presume, previous to the return day of the execution, that the judgment will not be satisfied. Although the sheriff cannot now find property, the defendants may before that time satisfy the execution out of the equitable funds in their hands which cannot be levied on by him. If they keep the complainant out of his debt beyond that time, it will be their own fault that they are charged with the extra expense of a chancery suit, and subjected to the inconvenience of an injunction and receivership depriving them of the control of their whole property.

The application for an injunction must be denied.