SINCLAIR *vs.* SANDFORD and others.

Where the solicitors of the complainant and defendant do not reside in the same county and within forty miles of each other, the service of a copy of the complainant's bill upon the agent of the solicitor of the adverse party, within the time prescribed, is a sufficient compliance with the provisions of the 35th rule ; and a service of the copy on the solicitor personally is not necessary in such a case.

March 5.

THIS was an application on the part of the defendant L. H. Sandford to dissolve the injunction which had been issued in this cause, on the ground that a copy of the bill had not been served on his solicitor within ten days after notice of his appearance, as required by the thirty-fifth rule of this court. The complainant's solicitor lived in the city of New-York, and the solicitor for the defendant in the county of Onondaga. And at the time notice of this application was sent to be served, in New-York, a copy of the bill had not been received by the defendant's solicitor. But it appeared, from the affidavit in opposition to the motion, that a copy of the bill was served on his agent in New-York within the time required by the rule. The only question therefore was whether the service upon an agent in such a case was good service.

*J. Rhoades,* for the defendant.

*J. B. Staples,* for the complainant.

THE CHANCELLOR. The provision in the fourteenth rule is general, that when the solicitors for the adverse parties do not reside in the same county and within forty miles of each other, the service of papers may be made on an agent. And there is nothing in the nature of this case to make it an exception to the rule that a service upon an agent is as good service as if made on the solicitor himself. The object of giving ten days, to deliver a copy of the bill, where the solicitors for the respective parties resided more than twenty miles from each other, was to give to the complainant's soli-

1839.

The People
v.
Wheeler.

citor sufficient time to copy and serve the bill, where he lived at a great distance from the solicitor of the adverse party or his agent ; or where it might require more than twelve days to receive the notice of retainer served on his agent, and to copy and serve the bill. Where the residences of the respective solicitors are such as to authorize a service of the copy of the bill on an agent, the defendant's solicitor therefore must wait until he has had time to hear from his agent, before he can give notice of a motion to dissolve the injunction, without incurring the risk of subjecting his client to costs if the bill has been duly served on the agent within the time required by the rule.

In this case the notice of the motion was undoubtedly given in good faith. But as the defendant's solicitor, after he ascertained that the bill was duly served on the agent, insisted upon the correctness of his own practice, and required the payment of costs as a condition of abandoning his motion, and as he is found to be in the wrong in point of practice, he must pay the costs of opposing the motion ; whi ʰ ⁱⁿ ᵗʰⁱˢ ᶜᵃˢᵉ will be inserted in the order denying the motio. ʳˢ.