## SMITH & WILLARD *v.* THOMPSON.

A judgment creditor, who files a bill to have his judgment satisfied out of choses in action belonging to his debtor, must show, 1st, A judgment; 2d, An execution sued out on such judgment; and 3d, A return of the execution unsatisfied in whole or in part; and unless these facts appear affirmatively in the bill, this Court has no jurisdiction of the case.

An execution cannot be legally returned until the return day thereof; and where an execution was returned May 17th, when it was returnable on the 18th, the return was held to be insufficient to authorize the filing of a creditor's bill.

THIS was a motion to dissolve an injunction, on a judgment creditors' bill, on the ground that the execution which was returnable May 18th, 1841, had been returned by the Sheriff on the seventeenth day of that month.

*Kingsley & Backus*, in support of the motion.

*G. E. Hand*, contra.

THE CHANCELLOR. It was decided by this Court, first in the case of *Thayer v. Swift*, and afterwards in *Stafford v. Hulbert*, that a judgment creditor's bill, could not be

VOL. 1. 1

sustained where the execution was returned unsatisfied before the return day named in the writ; although the bill was not filed until after the return day.

On the argument of the present motion, however, it was insisted that these cases were erroneously decided by my predecessor, and should therefore be overruled; and the Court was referred to a newspaper report of a case recently decided in the Court of Chancery of the State of New York, from which it would seem a different decision has been made by the Chancellor of that State. The grounds upon which this decision was based do not appear in the report of the case; and, after having given considerable attention to the subject, I can see no good reason for doubting the correctness of the decision of this Court, in the cases above referred to.

A judgment creditor who files a bill in this Court, to have his judgment satisfied out of choses in action belonging to the debtor, must show, 1st, A judgment; 2d, An execution sued out on such judgment; and 3d, A return of the execution unsatisfied in whole or in part. Unless these facts appear affirmatively in the bill, the Court has no jurisdiction of the case. The complainant must show he has in good faith exhausted his remedy at law, without producing a satisfaction of his debt. All the Legislature intended, by the statute giving jurisdiction to this Court in this class of cases, was to give the creditor a remedy in this Court, after he had exhausted his remedy at law, where the debtor had choses in action, or other property, which an execution could not reach, and which ought, in justice and equity, to be applied by him in payment of the judgment.

Is the return of the officer to the execution in the present case a good return, or such a return as shows the complainants have exhausted their legal remedy? If it is not,

the complainants cannot sustain their bill, and the injunction must be dissolved. An execution may be levied at any time on the return day, and the execution of the writ be completed by a sale of the property after that day. *Devoe v. Elliott,* 2 *C. R.* 243, 2 *Burr,* 812—1 *T. R.* 192, *R. S.* 452, § 14.

Now the sheriff's return does not show the defendant had not property on which he might have levied, on or before the return day of the execution. This should appear from the officer's return in order to give this Court jurisdiction; and unless it does so appear, the return itself is insufficient. In *Cavenaugh v. Collett,* 4 *Barn. & Ald.* 279, *( S. C.* 6 *Eng. Com. Law Rep.* 425,) where the return of the officer stated the defendant was insane, and could not be removed without danger to his life, when the officer went to arrest him; without adding that he continued so to the return of the writ ; it was held to be bad on that account. In *Palmer v. Patten Cro. Eliz.* 512, it was held that the sheriff should not accept a return of *nulla bona* from a bailiff before the return day of the writ, as the defendant might after such return, and before the writ was returnable, have property to satisfy it. The return of the execution then on the 17th May, instead of the 18th, when it was returnable, was an insufficient return : and an insufficient return is as no return, or not such a return as will protect the officer against an attachment for not making a correct return. *Watson's Sheriff* 76; *Rex v. Sheriff of Middlesex,* 1 *Barn. & Ald.* 190. If the Sheriff had returned the execution unsatisfied, for the want of, goods and chattels, without making any mention of lands and tenements, such a return would not have been sufficient to give this Court jurisdiction; nor can a return be so which is in any other respect defective, in not showing a want of goods and chattels, lands and tenements, belonging to the

debtor, within the bailiwick of the Sheriff, out of which the money might have been made by him, within the time allowed for that purpose by the execution. One day in the return of the execution, it was said on the argument, would make no difference. If one day cannot, how many shall ? Must it be two, or twenty, or some other number? But this is not the question. The question is, whether the Court can disregard the law, which requires an execution to be taken out and returned unsatisfied in whole or in part, before the judgment creditor shall have relief in this Court. If the Court can dispense with a good and sufficient return to the execution, might it not dispense with the execution entirely, and assume a jurisdiction not given by law? The cases supposed are the same in principle, and differ in degree only. In *Cassady v. Meacham*, 3 *Paige* 311, *and Steward v. Stevens* 1 *Har. Ch. Rep.* 169, it was decided a creditor's bill could not be filed until after the return of the execution. In these cases, the execution was returned, and the complainant's bill filed before the return day. It was stated by the court, in both cases, that an execution could not be considered as legally returned unsatisfied, until the return day, and, for that reason it was held the creditor could not file his bill until after that day. If the execution could not be considered as legally returned before the return day, it follows that a return made before that time would not be a good return, and so it must have been considered by the Court, in both of these cases. I can see no other principle on which these cases can be sustained; for, if the return of the execution unsatisfied, before the return day, is a good return, the creditor had a right under the statute, at any time thereafter, to file his bill without waiting till the return day of the execution. The statute does not require him, after his

execution has been returned unsatisfied, to wait any length of time whatever before he files his bill.

The statute (R. S. 451 § 8) which says : "The officer to whom any execution shall be directed, shall return such writ to the Court to which the same is returnable, (on) or before the first day of the term to which such writ is made returnable," makes it the duty of the officer, when the writ has been executed, to return it forthwith without waiting the return day; but in no other case.   The officer has no right to retain the money after it has been collected.

The injunction in this case must be dissolved.