Bosworth, Ch. J. (Dissenting.)
It was settled law, prior to the Code, that a creditor’s bill, to reach the choses in action of the judgment debtor, could not be filed, until an execution had been issued and returned unsatisfied. And although an execution had been so issued and in fact returned, such a bill could not be filed until after the return day of the execution was passed. (McElwain v. Willis, 9 Wend., 548; Crippen v. Hudson, 3 Kern., 161.)
That such a bill could hot be filed until after the return day of the execution, was decided in Cassidy v. Meacham, (3 Paige, 311,) and the rule was re-asserted in Williams v. Hogeboom, (8 id., 469.)
In Crippen v. Hudson, (supra,) it was declared that the rule since the'Code, is the same as it was before the Code was enacted. The preexisting practice not. inconsistent with the Code, is by the Code continued in force. (Code, § 469.) •
In the present case, the execution was issued on the 2d of June, 1856, and returned on the 9th of the same month, and this action was so far commenced on the 25th of July, 1856, the fifty-third day after the execution was issued, that the complaint was verified on that day. An injunction was granted on the 26th, and these papers and the summons were served on the 1st of August, 1856, the sixtieth day after the execution was received by the Sheriff.
By the Code, an execution is “ returnable within sixty days after its receipt by the officer ” to whom it is directed. (Code, § 290.)
This action, as a creditor’s suit to reach property not liable to be levied upon by an execution, cannot be maintained. It was commenced before the return day of the execution; • and the execution was actually returned within seven days after it was issued, at the written request of the attorney of the plaintiff in such execution.
Can it be sustained, as a suit by a judgment creditor, who, at the time it was commenced, had a specific lien upon the property which he seeks to reach; to remove, through the aid of a court of equity, a fraudulent obstruction interposed by the debtor to the executionof process by which, but for such fraudulent obstruction, the property might be levied upon and sold ? Whether the property which the creditor seeks to reach be real or personal, .if the latter be property leviable by execution, it is essential to his right to *486 institute a suit to remove a fraudulent transfer of it, that he has “ obtained a lien on such property.”
If it be real, he must have a judgment docketed, which would be a legal lien, if the fraudulent transfer had not been made. If it be personal, he must have issued an execution and have had a levy made on the property; either an actual levy, or a constructive one, by having placed the execution in the Sheriff’s hands to be executed. (McElwain v. Willis, supra; Greenwood v. Brodhead, 8 Barb., 593-597; approved by the Court of Appeals, in Crippen v. Hudson, 3 Kern, 161.)
If it be settled that an execution must be issued to the Sheriff to be levied, to create a right to institute such a suit, it would seem to be illogical to hold that the creditor may procure his execution to be immediately returned, and then commence such a suit.
The moment the execution is so returned, the creditor ceases to have any lien, either actual or constructive, on such personal property. And if the existence of the 'lien is essential to the right of action, it would seem to follow, that the plaintiff had no right of action in respect to such property, when this suit was commenced. It is quite clear, that any other creditor, by levying on the property in question, {i. e., on such of it as could be taken upon execution,) between the actual return of the plaintiff’s execution and the appointment of a Receiver, would hold the property in preference to this plaintiff.
If another creditor, by levying an execution before the appointment of a Receiver, can wholly defeat the action, that fact would furnish a strong argument against assuming jurisdiction over it.
In McElwain v. Willis, (9 Wend., 561,) Mr. Justice Kelson said, that “ the property out of which the judgment creditor is seeking to satisfy his debt, must be subject to the judgment if real, and to execution if personal property. The jurisdiction of the Court rests upon the right or title to the- property in question, acquired by the proceeding at law upon the judgment or execution, and. consequently the return of the latter by the officer is not only not essential, but would be fatal to the relief sought.”
In the same case, Senator Tracy said, “ the plaintiff must show that he ■ has issued an execution into the county where the property is situated, and obtained a specific lien thereon, by the *487 actual or constructive levy of the Sheriff.” As the aid of the Court is sought to enforce a legal lien, “ it is indispensable it should appear from, the bill that this legal' lien then exists.” (Id., 568, 569.)
This rule is stated in terms as explicit, in Greenwood v. Brodhead, (8 Barb., 597,) and in Crippen v. Hudson. (3 Kern., 167.)
For these reasons, I think the action cannot be maintained to reach personal property, in its nature liable to be taken upon an execution, or the choses in action of the judgment debtor.
The assignment in question includes only these two kinds of property, viz., leviable personal property and choses in action. The judgment appealed from, does not profess to affect any other property.
It is true, that the Code allows proceedings supplementary to execution to be instituted, when the execution has been actually returned unsatisfied, although the return day has not elapsed. (§ 292.)
And there would seem to be no reason for not allowing an action to be commenced, when the right to institute such proceedings is perfect.
But in all cases in which they have been instituted in this Court before the return day of the execution, this Court has discharged them on its being made to appear that the execution had been prematurely returned at the request of the plaintiff's attorney. The Court requires a return by the Sheriff, made in the discharge of his duty, upon his own responsibility, and will not grant an order under section 292 of the Code, before the return day of the execution, when the return has been procured by the attorney.
If that practice, (which is supposed to be in harmony with the rule which requires a creditor to exhaust his remedy at law before going into a court of equity,) be correct, then the Code has not, (even by implication,) so changed the preexisting practice, as to authorize a creditor’s suit to reach choses in action, to be instituted before the return- day of the execution, when its earlier return has been procured by the interference of the attorney.
If the rule, as uniformly stated and applied, that to reach leviable personal property it is essential to give jurisdiction that the plaintiff has obtained a lien upon it, existing when the action is commenced, is to be adhered to; then the present action cannot *488 _ be maintained, in so far as it respects such property, as the plaintiff lJhad ho such hen when it was commenced.
I think, that the “return day ” of an execution issued under the Code is as certain, in fact and in law, as one issued under chapter 386 of the Laws of 1840. By section 24 of the latter act, (Laws of 1840, p. 334,) “ writs of fieri facias ” * * “ shall be made returnable sixty days from the receipt thereof by the Sheriff or other officer to whom the same shall be directed.”
By section 290 of the Code, “ the execution shall be returnable within sixty days after its receipt by the officer, to the clerk with whom the record of judgment is filed.”
Under the act of 1840, the execution, in the body of it, declared that it was returnable sixty days from its receipt by the Sheriff, lender the Code, an execution, by section 289, need not declare in the body of it when it is returnable. The return day is declared by a general statute, viz., Code, section 290. •
The return day of a writ, is that on which, by law, it is declared to be “ returnable.”
If not returned on or before the sixtieth day after its receipt, the officer may be sued in case. (2 R. S., 440, § 77; 4 Sand., 67; 3 Seld., 550.)
He cannot be sued or attached for not returning it at an earlier day. (Rule 6 of the Rules 1854, and Rule 8 of the Rules of 1858.)
The execution in this case, is made by law “ returnable ” within sixty days after it was received by the Sheriff. He is required by statute to indorse on it the date of its receipt by him. The Sheriff, if he returns it before the sixtieth day after its receipt by him, returns it at his peril. He cannot be compelled to return it, nor be sued for not returning it sooner. It continues in force during the sixty days after its receipt, and may be levied as well on the sixtieth day after, as on the day of its receipt.
. Its return day is as fixed and certain under, as before the Code.
“Returnable” “sixty days from” its receipt, and “within sixty days after its receipt,” mean the same thing.
The Code does not say, that the Sheriff may return it at any time within sixty days after its receipt; but, on the contrary, fixes its return day, by declaring when it shall be “returnable.”
*489 A writ can have but one return day, and that is the day on which, by its terms or by general law, it is made “ returnable."
I think, therefore, that under the act of 1840, and under the Code, the return day of an execution is as certain in intendment of law, as of on"e issued prior to the act of 1840.
And that a return of an execution (issued under the Code) within seven days after its receipt by the Sheriff, on the request of the plaintiff’s attorney, no more exhausts a creditor’s remedies at law, than an equally prompt return, by the like interference, of an execution issued under the act of 1840, or before that act was passed.
If the practice, which is understood to be observed by the Courts generally, that proceedings supplementary to execution cannot be upheld, if instituted before the return day of the execution, when such earlier return has been procured by the interference of the attorney, be in harmony with a correct interpretation of section 292 of the Code, then it would seem to follow that this action was commenced before it could have been commenced under the law as it was prior to the Code, and before there was any right to commence it under the Code, even conceding the former practice to be so far modified by the Code that the right to bring a suit is perfect, whenever the right to institute proceedings under section 292 is absolute.
For all practical purposes, this action was commenced as early as the 26th of July, 1856.
The plaintiff then appeared in Court with his verified complaint, and upon that alone applied for and obtained an injunction. Without the presentation of a complaint on the application for an injunction, none could have been granted. (Code, § 219.)
From the granting of that, the Court acquired jurisdiction of the action and of the proceedings therein, (§ 139,) for certain purposes, though not an effectual jurisdiction (for all purposes) of the persons of the defendants, until the summons had been served, or they had voluntarily appeared.
If, on the 27th of June, the defendants, with knowledge that the injunction had been granted and of its contents, had disposed of the property in question with intent to evade it, and expecting immunity from the fact that the summons had not then been *490 served, it is by no means clear that they could not have been punished for a contempt. (The People v. Sturtevant, 5 Seld., 277, 278; The People v. Compton et al., 1 Duer, 553, and cases cited at the foot of that page.)
The right to maintain this action is opposed, therefore, by the facts: 1st. That the execution was returned in seven days after it was issued, and “ was so returned by the request óf the'plaintiff, by his attorney, in writing.” Ho attempt was made to execute it.
2d. On the 26th of July, 1856, the plaintiff applied to a Judge of the Court for and obtained an. injunction in this action, that being the fifty-fourth day after execution issued, and six days before its return day. The injunction was granted on a complaint in this action which was verified on the previous day.
3d. The summons, complaint and injunction were served on the 1st of August, the return day of the execution. That being done, it cannot be denied that certain proceedings were taken in the action before the return day of the writ, and that the whole proceedings are based upon a return made by the Sheriff, not in the responsible discharge óf and according to his convictions of his official duty, but upon the written request of the plaintiff, which would be an answer to an action brought by the-latter for a false return.
Under such circumstances, I think the action cannot be maintained without overruling adjudged cases; either as an action to reach leviable property on which the plaintiff had a legal lien, when it was commenced, or as a creditor’s suit to reach choses in action, after the issuing and due return of an execution unsatisfied,
Entertaining these views, and not feeling at liberty to disregard established practice which section 469 of the Code continues in force, I think the judgment should be reversed and a new trial granted.
■Judgment affirmed.