## SUPREME COURT.

GEORGE H. RENAUD and others, appellants agt. MICHAEL O'BRIEN, GARRETT A. MADDEN and EDWARD DUFFY, respondents.

A *creditor's action* cannot be maintained where it is brought within *sixty days allowed by law for the return* of execution issued upon the judgment. (*This is a decision of the seventh district in accordance with that of the fifth, and adverse to those of the first and eighth districts.*)

*Seventh District, Auburn General Term, June,* 1861.
JOHNSON, E. DARWIN SMITH and KNOX, *Justices.*

THIS action was brought by the plaintiffs, judgment creditors of the defendant O'Brien, to set aside as fraudulent an assignment of his property, made by him to the defendants Duffy and Madden, and to reach the property held by them as trustees.   The case came on for trial upon the pleadings and proofs taken before a referee, at the Monroe special term, before Hon. A. T. KNOX, Justice.   The court dismissed the complaint upon the ground that the action was brought within sixty days after the issuing of executions upon the judgments.

J. C. COCHRANE, *for appellants.*

I. The court of chancery had original jurisdiction to enforce its decrees in a variety of ways.   By sequestration, commission of rebellion, imprisonment for contempt, and by supplemental bill, either of discovery or by bringing in

new parties, with the power of appointing sequestrators and receivers. (*Perkins* agt. *Morris*, 2 *Dickens*, 689; *Edwards* agt. *Pool, id.*, 693; *Williams* agt. *Owen*, 1 *Dickens*, 8.)

The remedy by execution was given to that court by statute in 1802. (*Ses. Laws, p.* 28.)

The court of chancery consequently possessed the most ample remedies which could be given for enforcing its own decrees.

It had also original jurisdiction to aid a court of law in cases of fraud and trusts. (*Hendricks* agt. *Robinson*, 2 *Johns. Ch. R.*, 283; *McDermott* agt. *Strong*, 4 *Johns. Ch. R.*, 687; *Hadden* agt. *Spader*, 20 *Johns.*, 554.)

And the jurisdiction of the court in these cases did not depend upon the return of execution. (*Donnovan* agt. *Finn, Hopkins*, 77.)

In cases of fraud the return of *nulla bona* was only evidence that the fraud had been effectual in obstructing the remedy at law. (*Per* SANFORD, *Chancellor; Donnovan* agt. *Finn, Hopkins*, 79.)

But where there was no fraud and no trust, the court of chancery had no jurisdiction to aid a court of law in the enforcement of its judgments. (*Donnovan* agt. *Finn, supra.*)

The jurisdiction in such cases and a creditor's bill in aid of a judgment at law, after the return of execution *nulla bona* were first given by the Revised Statutes. (2 *R. S.*, 2d ed., 102.)

In regard to its own decrees, the court before possessed all the power given by the statute in cases of judgments at law.

II. It follows that the court of chancery possessed jurisdiction to aid the judgment of a court at law,

1. In all cases of trusts or frauds, as a legitimate exercise of the equity powers of the court.

2. In case of the return of execution *nulla bona*, under the provisions of the Revised Statutes. In this case the

jurisdiction of the court rested upon the return. (*Cassidy* agt. *Meacham*, 3 *Paige*, 311; *Williams* agt. *Hogeboom*, 8 *id.*, 469.)

III. The supreme court having now all the jurisdiction of the court of chancery, a supplemental action for the purpose of executing its own judgment and removing fraudulent obstructions may in all proper cases be brought. The jurisdiction of the court can never depend now upon the return of execution. When the judgment was in another court it was proper that all the remedies of that court should be exhausted before applying to a court of equity. The rule had no application to a court of chancery, which had a choice of remedies in enforcing its own decrees.

IV. This is a case of trusts and fraud. An application to set aside a fraudulent assignment and to reach property in the hands of trustees. The jurisdiction of chancery in such a case never depended upon the return of an execution.

V. But the sheriff may now regularly return the execution at any time within the sixty days. It requires judicial legislation to compel the sheriff to return it *without* the sixty days. (*Livingston* agt. *Cleveland*, 5 *How. R.*, 396; *Engle* agt. *Bonneau*, 2 *Sanford*, 679; *Farqueharson* agt. *Kimball*, 18 *How. R.*, 33.)

VI. Besides, this objection was not taken by the answer or before the proofs were taken. It was too late to raise the objection upon the hearing after the evidence was in. (*Hawley* agt. *Cramer*, 4 *Cow.*, 727; *Le Roy* agt. *Platt*, 4 *Paige*, 77.)

ANGLE & TRIMMER, *attorneys for respondents*, and J. L. ANGLE, *counsel*.

I. This action cannot be sustained.

1st. It cannot be sustained to remove a fraudulent obstruction standing in the way of the lien of the plaintiffs'

judgments, because there is no real estate. (*McElwain agt. Willis*, 9 *Wend.*, 548, 561, &c.; *Wilson* agt. *Forsyth*, 24 *Barb.*, 105.)

2d. The executions having been returned, it cannot be sustained to aid their enforcement against leviable personal property. (*Crippen* agt. *Hudson*, 3 *Kern.*, 161, 166; *Greenwood* agt. *Skeel*, 8 *Barb.*, 593.)

3d. It cannot be sustained as a creditor's bill, because it was commenced before the expiration of the sixty days allowed for the return of executions. (*Cassidy* agt. *Meecham*, 3 *Paige*, 311; *Pardee* agt. *De Cala*, 7 *Paige*, 432; *Williams* agt. *Hogeboom*, 8 *Paige*, 460.)

This point, established by the above cases, is applicable to actions brought since the Code. (*Farmers and Mechanics' Bank* agt. *Mann, Buffalo Superior Court*, 1 *Clint. Dig.*, 797, § 37.)

It has so been held by the general term of the fifth district, in an unreported case. (*See letters from Judges* PRATT *and* ALLEN.)

It is one of those rules which are expressly preserved by § 469 of the Code. (*Spencer* agt. *Cuyler*, 17 *How.*, 157; *opinion of Justice* JOHNSON, *pp.* 161, 162.)

Judge JOHNSON, at the Ontario special term, in April, 1861, held expressly against the plaintiff on this point, in the case of *Spencer* agt. *Lawrence et al.*

The COURT unanimously affirmed the decision of Justice KNOX, at special term, and for the same reason, to wit: That the action being brought within sixty days allowed by law for the return of the executions upon the judgments, could not be sustained. No opinion was written.