By the Court.—Van Vorst, J.
The law only renders a party responsible in an action for the prosecution of another where malice is combined with want of probable cause. There are other essentials which are not necessary here to be noticed, but in order to entitle the plaintiff to recover in such action, the evidence should be such as to satisfy any reasonable mind that the defendant had no ground for the proceeding other than his desire to injure the accused.
It is not enough, however, to prove malice in the defendant ; the want of probable cause is not necessarily inferred from malice, for; notwithstanding the malicious feeling of the defendant, if he was moved to the prosecution by reasonable and proper cause, he would be entitled to a verdict.
But when there is an entire absence of any reasonable or probable cause for a criminal prosecution, it may be fairly considered to have originated in some motive other than simply bringing a person to justice, and to have been suggested by malice (Vanderbilt v. Mathis, 5 Duer. 304).
The fact of the acquittal and discharge of the person accused, or that the proceedings were dismissed, as in this case, do not in themselves justify the conclusion that they were maliciously instituted.
In this case, the store of the defendant’s firm had been burglariously entered on the second of September in the night-time, and a large amount of merchandise had been stolen therefrom. Information of the burglary had been communicated to the police authorities, and a reward of five hundred dollars offered by defendant’s firm for the recovery of the stolen goods.
On the morning of September 9th, the defendant, upon first entering the store of his firm, and about ten o’ clock, found a police officer, Martinott, in the store, and was *218 informed by Mm substantially that he had found the goods and had arrested the thieves, and wanted a member of the firm to go to the station house and make a complaint. It was suggested by his copartner, that defendant, as being more familiar with the goods and better able to identify them, should accompany Martinott to the police station.
Defendant accompanied Martinott to the station house, and there found the plaintiff with one Henry Deutch, who were claimed by Martinott to have been arrested by him for the burglary. At the station house defendant examined the goods and identified them as those stolen from the store of his firm.
The defendant then, at the request of the police authorities, accompanied • Martinott to the Tombs, with Deutch and plaintiff in the custody of the officers.'
Before Justice Hogan, at the Tombs, the defendant made an affidavit setting up the burglary, and charging its perpetration according to his belief upon Deutch and the plaintiff, and stating as Ms reasons for his belief and accusation, facts communicated to him by Martinott. Martinott also made an affidavit. The justice required that Deutch and plaintiff should give bail in $2,000 each. Plaintiff found the required bail and was discharged from custody, having been detained at the Tombs several hours. The proceedings were afterwards dismissed. If this was all, it might have been well argued before the learned chief justice before whom the trial was had, that the defendant had reasonable ground for Ms action before Justice Hogan.
But the evidence shows that before defendant came to Ms store on the morning in question, Deutch and the plaintiff had themselves together been: there, and had seen Schneider the partner of the defendant, and had communicated to him the fact that the goods which proved to be those stolen, were in the possession of Deutch himself, he having made an advance thereon, in *219 ignorance of their being stolen, to one F. C. Jenks. That Dentch and plaintiff claimed of Schneider the reward offered for the stolen goods, and that Schneider had sent the parties to the police station for action in the'premises. It does not appear that defendant knew, or had any information of the fact that Dentch and plaintiff had been at his store, or claimed the reward, until after he had made the affidavit before the police justice at the tombs.
Yet the facts that these parties had. been at the defendant’s store and had seen the defendant’s partner, and had themselves stated to him that the goods were in the possession of Dentch, and the circumstances under which he had obtained possession, and that his partner was present when defendant arrived, and was there in conversation with Martinott, are not to be overlooked, and may suggest that the defendant, before going with the officer to the police station and entering so abruptly on the business, should have inquired further of his partner as to what communications had before been made to him by Martinott, and what had occurred on the subject. It was for the jury to determine, I think, whether the defendant had sufficiently examined into the matter before making the affidavit before the magistrate.
Reference is made to this branch of the subject, in view of the defendant’s motion at the close of the case, that the plaintiff’s complaint should be dismissed, upon the ground that there was no want of probable cause or malice shown, which motion was denied by the learned chief justice.
It is true that whether or not there was probable cause for the arrest, is a question for the court, and upon which it should express an opinion.
In Davis v. Russell (2 M. & P. 604; 5 Bing. 354), Best Ch. J., says: “ Probable cause is no doubt a question of law, and within the province of the judge to decide, but the jury must not only find the facts which are supposed *220 to .constitute probable cause, but they are also warranted in forming their conclusion from these facts, and it is frequently difficult te draw the line between matter of law and matter of fact.”
If circumstánces of suspicion existed which might have been readily removed by proper inquiry, and if no inquiry at all, or insufficient inquiry was made, there is evidence for the consideration of the jury, in such omission of a want of probable cause, and we think, therefore, that it was not error to submit the question to the jury under the instructions of the court.
But it is objected by the defendant that there was no evidence that the defendant had instituted the prosecution. By this I presume is meant that at the time the defendant intervened, the ' plaintiff had already been charged with the burglary by Martinott, and was in custody of the police officers.
This is substantially true; but no legal prosecution was instituted until after the parties had proceeded to the Tombs, and appeared before Justice' Hogan, and in order that the parties charged might be legally held to answer the charge of burglary, the defendant made the affidavit.
Before taking that step he had personally done nothing to justify this action, and his responsibility commenced only at the point at which he affirmatively acted in continuing the proceeding already partially begun (Weston v. Beeman, 27 Law Journal Exch. 57).
There were exceptions taken by the defendant on the trial, both to the admission and exclusion of evidence which it is important to notice. The plaintiff, in his evidence, was allowed to testify, under the defendant’s objection, to statements which he made to Martinott on his way to the station house. The defendant was not present, and it is not established that Martinott, before defendant had made his affidavit before the justice, had communicated these matters to him.
*221 The admission of this evidence, I think, was erroneous. There is nothing in this case which shows any such relation "between Martinott and defendant as would make defendant chargeable with any knowledge Martinott actually had on the subject.
The defendant was examined as a witness in his own behalf, and this question was put to him by his counsel:
“Did you make this affidavit in good faith, believing everything you stated in it was true ? ”
The question, on plaintiffs objection, was excluded, and defendant excepted. In the exclusion of this evidence I think there was error.
As it was incumbent on the plaintiff, in order to a recovery, that he should prove both the want of probable cause and malice, the defendant was at liberty to disprove these conditions. He was at liberty to prove that he acted in good faith, and with an honest intention, and upon reasonable grounds of suspicion.
What importance the jury might attach to evidence coming directly from the defendant’s lips, as to the goodness of his motives, and the reasonableness of his grounds for action, I cannot tell, but within the adjudged cases, questions of a kindred character and import have been allowed (McKown v. Hunter, 30 N. Y. 628 ; Forbes v. Waller, 25 N. Y. 430, 439). In view of these exceptions, which were well taken, it is needless to examine the other grounds of objection.
The judgment should be rever'sed, and a new trial ordered, costs to the appellant to abide the event.
Freedman and Curtis, JJ., concurred.