GEORGE W. SNEDEKER, Plaintiff, *v.* SEAMAN N. SNEDEKER AND JENNIE E. SNEDEKER his wife, JOHN H. CLAYTON, COLES CARMAN and others, Defendants.

*A sale under execution passes only the interest of the debtor at the time when the judgment is docketed — Application for surplus moneys — a conveyance cannot be attacked as fraudulent on.*

In November, 1874, one Snedeker conveyed certain premises to one Campbell, the deed being recorded June 9, 1875. June 8, 1875, Campbell reconveyed the premises to Snedeker's wife, the deed being recorded in August, 1875. In July, 1875, judgments were recovered against Snedeker, and the premises sold upon executions issued thereon to one Carman, to whom, on the expiration of fifteen months, a deed was delivered by the sheriff. The premises having been sold on the foreclosure of a mortgage executed prior to November, 1874, Carman claimed to be entitled to the surplus moneys.

*Held,* that as Snedeker had no title to the premises when the judgments were docketed Carman acquired none on the sheriff's sale, and had, therefore, no interest in the surplus moneys.

That even if the conveyance to Campbell was fraudulent Carman was not in a position to attack it in proceedings for the distribution of such surplus.

APPEAL from an order confirming the report of a referee, appointed on an application for the distribution of surplus moneys. The premises in question were sold on the foreclosure of a mortgage executed prior to November, 1874.

On the third of that month one Seaman N. Snedeker, who then owned them, conveyed them to James H. Campbell by a deed, which was recorded on June 9, 1875. On June 8, 1875, James H. Campbell conveyed the premises to Jennie, the wife of Seaman N. Snedeker, by a deed which was recorded in August, 1875. In July, 1875, judgments were recorded and docketed against Snedeker, upon which executions were issued, and the premises were sold to one Carman, who received the sheriff's deed at the expiration of fifteen months, no redemption having been made.

Carman claimed to be entitled to the surplus moneys, on the ground that the conveyances referred to were fraudulent, and that the title to the premises remained in Snedeker at the time of the

docketing of the judgments. The surplus was also claimed by one Clayton, to whom a mortgage had been given by Jennie Snedeker.

*John H. Clayton*, for the defendant Clayton, appellant. The referee had no power to inquire into the validity or invalidity of the deeds from Snedeker to Campbell, and from Campbell to Mrs. Snedeker, and the mortgage from Mrs. Snedeker and her husband to Clayton. (Rule 77, Supreme Court; *King* v. *West*, 10 How., 333; *Husted* v. *Dakin*, 17 Abb., 141; *The Union Dime Savings Institution* v. *Olsey*, 4 Hun, 657; *Bradley* v. *Aldrich*, 40 N. Y., 509.) Coles Carman is not and never was a creditor of Seaman N. Snedeker. He was not the creditor in the execution but simply a purchaser at these judgment sales, and the proceeds of his bid paid these creditors their claims in full and wiped out their debts. (*Weaver* v. *Togood*, 1 Barb., 238; *Kleinholz* v. *Phelps*, 6 Hun, 568; *Russell* v. *Allen*, 10 Paige, 254; *Forsyth* v. *Clark*, 3 Wend., 637; *Hill* v. *Bixby*, 63 Barb., 200.) Clayton, therefore, at the time he received his mortgage, was a purchaser under the recording act for value, without notice, from one in possession, and against whom and her grantors at the times of their respective conveyances there were no liens. (2 R. S. [3d ed.], § 1, p. 1137; *Hetzal* v. *Barber*, 69 N. Y., 1; 3 Abb. Dig. [new ed.], par. 132; *Hope Fire Ins.* v. *Cambrelling*, 1 Hun, 493; *Barto* v. *Tompkins Nat. Bank*, 15 id., 11; *Reynolds* v. *Darling*, 42 Barb., 418.) The only remedy of a purchaser under a sheriff's deed, to get possession or perfect his title to the premises, is an action of ejectment. (*Rogers* v. *Sinsheimer*, 50 N. Y., 649; *Erickson* v. *Quinn*, 15 Abb. [N. S.], 168; *Wheelock* v. *Lee*, 5 Abb. [N. C.], 85; *Bradley* v. *Aldrich*, 40 N. Y., 510; *Davidson* v. *Associates*, 71 id., 340; *Fasnacht* v. *Stehn*, 5 Abb. [N. S.], 344; 3 Wait's Pr., 11 and 12.)

*A. N. Weller*, for the defendant Coles Carman, respondent. If the original conveyance to Campbell was made in fraud of creditors, neither Mrs. Snedeker nor Mr. Clayton, as her mortgagee, acquired any right or interest in the property, for even if they were innocent purchasers they could get no other or greater title

than their grantor had. (*Bush* v. *Lathrop*, 22 N. Y., 535; *Davis* v. *Austin*, 1 Ves., 24; *Mason* v. *Lord,* 40 N. Y., 487; *Reeves* v. *Kenball*, 40 id., 311; *Bordan* v. *Sedgwick*, 44 id., 626.) The question of the fraudulent character of these several conveyances can be tested in proceedings to obtain surplus moneys. (*Mutual Insurance Co.* v. *Bowen*, 47 Barb., 618; *Clarkson* v. *Skidmore*, 46 N. Y., 297; 3 R. S., § 103, p. 199; old reference, 2 R. S., § 169, p. 192; *Shepard* v. *O'Neil*, 4 Barb., 125; *Snyder* v. *Stafford*, 11 Paige, 77; *Schafer et al.* v. *Reilly*, 50 N. Y., 61.)

BARNARD, P. J.:

I think Coles Carman got no title under the sheriff's deed of the premises in question. Before the lien of the judgment attached, under which the sale was made, the judgment debtor had conveyed the premises to Campbell. All the sheriff could sell was the right, title and interest which Snedeker, the judgment debtor, had at the docketing of the judgment. (2 R. S., 374.) As the debtor was seized of no estate on that day the sheriff could convey none. (*Lamont* v. *Cheshire*, 65 N. Y., 30.) It is no answer to say that the deed was fraudulent. A creditor at large cannot attack such a transfer. Carman is not a creditor. The plaintiff in the judgment could not assail the conveyance until after return of their execution unsatisfied. (*Forbes* v. *Waller*, 25 N. Y., 430; *Crippen*, v. *Hudson*, 3 Kernan, 161.)

The order confirming referee's report should be reversed, with costs and disbursements, and the case sent to a referee to report order of liens on surplus.

DYKMAN, J., concurred; GILBERT, J., not sitting.

Order reversed, with costs and disbursements, and case referred to referee to report priority of liens.