1821.

SPADER
v.
DAVIS.

SPADER and others *against* DAVIS and HADDEN.

A judgment creditor, who has issued an execution, which has been returned *nulla bona*, acquires a priority of right to the property of his debtor, in the hands of a trustee, and any payments made by the trustee to the debtor, after a bill filed by such judgment creditor, or after notice of such right, are in his own wrong, and of no avail against such creditor.

*June 28th.*

BILL filed 25th of *January*, 1820, stating that the defendant *D.*, being indebted to the plaintiff *S.* and others, stopped payment, on the 26th of *June*, 1819; and being possessed of a large stock in trade, and debts due him, he transferred the same to the defendant *H.*, for fraudulent purposes, and to avoid payment of his debts. That the plaintiffs obtained judgments at law against the defendant *D.*, in *January*, 1820, and issued writs of *fi. fa.* which were returned *nulla bona.* *Prayer*, for discovery and relief.

The answer of the defendant *H.*, filed 24th of *March*, 1820, admitted the bankruptcy of *D.*; and stated, that he was then indebted to the defendant *H.* the sum of 2,386 dollars and 40 cents, and that his stock in trade was estimated at 5,613 dollars and 37 cents. That to secure to *H.*, *D.* sold to him goods to the amount of 4,800 dollars, and on or about the 26th of *June*, 1819, assigned over the surplus to *H.*, in trust, to pay all the creditors, on condition that they would release and discharge him within thirty days. That, by another assignment, dated *July* 29, 1819, on like trusts, *H.* was authorized to sell the goods, and convert the same into cash, on the like trusts. That the defendant *H.* sold the surplus, at auction, on the 18th of *August*, 1819, for the net sum of 1,486 dollars and 7 cents. That the trusts, in the assignments, were to become void, if the creditors, by a given day, omitted to come in and accept, and discharge *D.* That the creditors did not come in, and the assignments therefore became void. That *H.* held the mo-

ueys aforesaid, together with other moneys assigned, in like manner, and amounting in the whole to 2,207 dollars and 17 cents, in trust for *D.* That *H.* had paid *D.* of those moneys, from time to time, leaving 799 dollars and 33 cents on hand, at the time of the answer. The answer denied all fraud, and admitted the other facts charged.

The answer of the defendant *D.*, filed *May* 31, 1821, was to the like effect. He stated, that the sum of 799 dollars and 33 cents, being the balance of the trust moneys remaining with *H.*, were paid over to him, by *H.*, on the 3d of *May*, 1820. It appeared, also, by one of the schedules annexed to the answer of *H.*, that he had in hand, on the 29th of *January*, 1820 when his appearance to the suit was entered, 974 dollars and 92 cents, and that of that sum, 175 dollars and 39 cents were paid over to *D.*, or to his order, before the answer of *H.* was put in.

The case was submitted to the Court, upon the bill and answer.

*Haight*, for the plaintiffs. He stated the following points:
1. Under an assignment of property for creditors, to become void, if the creditors do not come in and release the assignor within a limited time, the assignee cannot surrender the property to the assignor, until the *cestui que trusts* have renounced the benefit of the trust.

2. If the assignee could surrender the property to the assignor, in order that he might declare further trusts, in relation to the same, the assignment of the 29th of *July*, 1819, was such further declaration of trust, under which the assignee could not surrender the property to the assignor, until the *cestui que trusts* renounced the benefit of the trust.

3. The power of sale, contained in the assignment of the 29th of *July*, 1819, could not be well executed, until the *cestui que trusts* came in and released, or, at least, until after the full expiration of the time limited for the creditors to come in.

1821.

SPADER.
v
DAVIS.

4. The assignee, at all events, ought to be decreed to account for the nett proceeds of the property assigned, which were in his hands, at the time of filing the bill in this cause, with costs.

*Anthon*, contra. He made the following points : 1. The assignments required no renunciation on the part of the *cestui que trusts*, because their interest in the property assigned, depended on a condition precedent, viz. a release by all the creditors of the assignor ; and until that event took place, they had no interest : and as no such release was executed, the property assigned, by a *resulting trust*, belonged to the assignor.

2. The power of sale, in the assignment of the 29th of *July*, 1819, so far from requiring a renunciation of the *cestui que trusts*, to set it up, was, by the terms of that assignment, to be in full force, in case of their default, in fifteen days after the date of the assignment.

3. The assignee ought to be decreed to pay to the plaintiffs, the amount in his hands, at the time the bill was filed. He had no right to hold against the assignor ; and the plaintiffs ought to have obtained an injunction. If the assignor had brought a suit at law, the pendency of proceedings in this Court, on the part of the plaintiffs, would have been no bar to his recovery.

4. All fraud having been fully denied by the answer. the plaintiffs have no equity against the defendants, but ought to resort to a Court of law.

THE CHANCELLOR said, that the plaintiffs, at the time of filing their bill, had acquired, as execution creditors at law, a priority of right, valid in equity, to the trust moneys belonging to the defendant *D.*, and in the hands of the defendant *H.;* and that all payments of the same, by *H.* to *D.*, subsequent to the filing of the bill, containing notice of that

right, and of their claim in pursuance of it, were made in his own wrong. The doctrine in the cases of *Brinckerhoff* v. *Brown*, and of *M'Dermut* v. *Strong*, (4 *Johns. Ch. Rep.* 671. 687.) he considered as applying and governing the case.

It was accordingly decreed, that the defendants, or one of them, within thirty days, pay to the solicitor for the plaintiffs, the 974 dollars and 72 cents, with interest, from the 29th of *January*, 1820, and the costs of the suit, or that execution issue, &c. and that the sum, when received, be paid to the plaintiffs, rateably, in proportion to the amount of their judgments.