SCUDDER *v.* VAN AMBURGH and others.

*It would seem* that the filing of a judgment creditor's bill is a constructive
notice of *lis pendens*, sufficient to affect a purchase of the debtor's furniture
made *pendente lite.*

A party who claims as a purchaser without notice must set it up by answer
or plea, and cannot avail himself of it by a demurrer to a pleading which
explains and goes against the purchase.

JUDGMENT creditor's bill; and where a supplemental bill
had been filed to reach furniture that had belonged to the
judgment debtor, and sold by him to the defendant, Isaac
Van Amburgh, *pendente lite.* No receiver had been ap-
pointed. The question was, on the effect of the filing the
bill as a notice. The defendant, Van Amburgh, interposed
a demurrer.

Mr. *H. F. Clark,* in support of the demurrer.

Mr. *Livermore,* for the complainant.

*Oct.* 23,
1839.

*Debtor and
Creditor.
Lis pen-
dens.
Purchaser
without no-
tice.
Pleading.
Demurrer.*

THE VICE-CHANCELLOR:—I am inclined to think that
the *lis pendens* operated as a constructive notice to the de-
fendant, Van Amburgh, when he claims to have purchased
and paid for the furniture, and that he cannot hold it against
the judgment creditor of Tysen, his vendor, who had, at the
time, acquired at least an equitable lien upon it from the
moment of filing his bill in this court. But, without ex-
pressing a definite opinion on this point, which, perhaps,
is not a decided one : *Murray* v. *Lilburn,* 2 J. C. R. 444, I
am of opinion that if the defendant, Van Amburgh, would
claim to be a *bona fide* purchaser without notice, he must
set up the fact by answer or plea, and cannot avail himself

of it on a demurrer to this supplemental bill: *Galatian* v. *Erwin*, Hopk. 48; S. C. 8 Cowen's R. 361.

Demurrer overruled, with costs; and defendant is to answer within twenty days.