### Storm *vs.* Badger and others.

Where the complainant after filing a bill in chancery against his judgment debtor upon the return of an execution unsatisfied, takes out a new execution upon his judgment and levies upon the property of the defendant, but which is insufficient to satisfy the debt, he is not compelled to elect either to dismiss his bill in this court or to abandon his execution. But he may proceed here to collect the residue of the debt which cannot be raised by a sale of the property on the new execution at law.

It is a good plea in bar, to a creditor's bill filed upon the return of an execution unsatisfied, to obtain satisfaction of a judgment out of the equitable interests and choses in action of the defendant, that such defendant had *property out of which the judgment might have been satisfied, wholly or in part*, which property was not levied upon by the officer, who held the execution, in consequence of collusion between him and the complainant.

THIS was an application on the part of L. Badger and L. W. Badger, two of the defendants, that the complainant's bill be dismissed with costs ; or, that he should elect whether he would proceed at law or in equity for the satisfaction of his judgment which had been obtained in the supreme court against J. Crooker and L. Badger. The bill was in the usual form of creditors' bills, as to the judgment debtors ; and the other defendants were made parties to reach property in their hands belonging to such judgment debtors. An execution was issued, and was returned unsatisfied, before the filing of the bill. But L. Badger pleaded, in bar of the suit, collusion between the complainant and the sheriff, in procuring the execution to be returned unsatisfied when he, L. Badger, had goods to the

amount of ninety dollars and upwards which might have been levied upon by such sheriff. The motion was founded upon the bill and plea ; and upon an affidavit stating that issue had been taken on the plea, and that another execution had been issued upon the judgment subsequent to the filing of the bill.

*D. S. Dickinson*, for the complainant.

*John A. Collier*, for the defendants.

THE CHANCELLOR. This is not a case for compelling the complainant to elect. The object of the suit in this court is to aid the execution at law ; and not as a mere substitute of an equitable instead of a legal remedy. To compel an election, therefore, the defendant must show that the complainant is proceeding in each court in a manner in which if he succeeds, he will obtain satisfaction of his whole debt. Here the debt is about $900, and it is not alleged that the defendant Badger has property to exceed $90 or $100 which can be reached by the new execution, even if such property was still in his possession when that execution was issued. And there has been no receiver appointed in this suit, who could protect that property from being levied on by other creditors notwithstanding the injunction. Compelling the complainant to elect, would, therefore, be to deprive him of the power of reaching that part of the debtor's property by his execution, without any certainty of obtaining satisfaction of his whole debt by his suit in this court ; even if he succeeds in reaching other property here. To authorize the defendants to come here for such relief as is asked for by this motion, they should show that the complainant, by his subsequent execution, had levied upon, or at least that he was able to levy upon, property sufficient to satisfy his whole debt and costs, on a sale of such property by the sheriff. (*Cuyler* v. *Moreland*, 6 *Paige's Rep.* 273.) If the defendant, L. Badger, establishes the truth of his plea, the bill,

as to him, will be dismissed ; and if he fails, the complain-ant will not be permitted to obtain a double satisfaction of his judgment. Upon the final hearing, if either party de-sires it, a reference will be directed, of course, to ascertain the amount then due on the judgment.

The motion in this case is therefore denied, with costs.