## Case No. 13,653.

### SUYDAM et al. v. BEALS et al.

[4 McLean, 12.] [1]

Circuit Court, D. Michigan. June Term, 1845.

CREDITORS' BILL—PROCEEDINGS—PLEADING—PRO CONFESSO—EXECUTION—RETURN—VENDOR AND PURCHASER—SURRENDER OF DEED.

1. A creditor's bill is sustainable in the courts of the United States under the mode of proceedings, as authorized in chancery by state statutes.

———

[1] [Reported by Hon. John McLean, Circuit Justice.]

2. And in this form, property fraudulently conveyed, or choses in action, may be subjected to the payment of judgments.

3. The surrender and cancellation of a deed, does not reinvest the title in the grantor.
[Cited in brief in Fitzgerald v. Wynne, 1 App. D. C. 115.]

4. The return of the executions on the judgment nulla bona, is sufficient, without stating that search was made for property by the officer.

5. The executions were returned before the return day, but the bill was not filed until afterwards.

6. On a bill in chancery, the errors of a court of law can not be corrected.

7. A court of law gives relief on terms which a court of equity can not impose.

8. The demurrer being overruled, and the other defendants failing to answer, the bill as to them may be taken as confessed.

In equity.

Mr. Seaman, for complainants.
Mr. Talbott, for respondents.

McLEAN, Circuit Justice. This is a creditor's bill, which represents that at October term, 1839, a judgment was obtained by the complainants against F. and A. Beals, for twelve hundred and sixty dollars. That several executions issued on the judgment, several of which were returned nulla bona; and that on the 26th August, 1840, by virtue of another execution, a levy was made on lots 5, 6, 7, and 8, in the eastern division of Schoolcraft, and also on other lands. That the judgment debtors have choses in action, equitable interests, etc., which the bill seeks to reach, to satisfy the judgment. And the bill alleges that the defendants at law, on or about the 13th of May, 1841, assigned a large amount of effects and choses in action to Welles, the defendant, which it prays may be made subject to the judgment. That lots 5, 6, and 7 were owned by Grant, who sold them to the defendants in the judgment in July, 1839, for which they paid him fifteen hundred dollars. A deed was made for the lots by Franks, in whom was vested the legal title; but this deed was never recorded. That the defendants entered into possession of the lots, made valuable improvements thereon, and are still in possession of them. That lot No. 8, being owned by Welles, was sold by him to A. Beals, and he received the purchase money. That A. Beals sold the lot to the defendants in the judgment, and directed Welles to convey it to them. That this bill was filed September 3d, 1839, and that on the 7th of October following, F. and A. Beals sold their house and their store of goods, to Kimberly, one of the defendants. That on the same day, F. and A. Beals gave up to Franks, to be canceled, their deed of said lots 5, 6 and 7, and procured a deed for the same to be made to A. Forsythe, without consideration; and also, at the same time, procured a deed to be made from Welles to Forsythe, for lot No. 8.

These conveyances, the bill charges, were made to delay and defraud the plaintiffs. That Forsythe was the father-in-law of A. Beals, and that he had notice of the facts alleged.

Welles demurred to the bill, and Forsythe answered, admitting many of the allegations of the bill, but denying that the conveyances were made to him without consideration. On the contrary, he says that A. Beals owed him $613, and that the lots were sold in discharge of that debt; and that he had become security for A. Beals to the amount of twelve hundred dollars, etc. The deed from Franks to F. and A. Beals, vested the title to the lots in them, which could not be divested by the surrendering and cancellation of that deed, and a conveyance of the property to Forsythe.

A surrendering and canceling of a lease for a term or years, is not good within the statute of frauds, unless it be by deed or note in writing, signed by the party. Harrison v. Owen, 1 Atk. 520; Rev. St. Mich. 257. Canceling and destroying a lease, by the agreement of the parties, will not operate to divest the interest of the lessee. Rowan v. Lytle, 11 Wend. 616. The same principle applies to a deed in fee simple. Lewis v. Payn, 8 Cow. 71, Jackson v. Gardner, 8 Johns. 394. The conveyance to Forsythe was clearly fraudulent and void. This is shown by the time and the circumstances which attended that conveyance. The surrender of the deed of Franks by the Beals, is a fact which gives a strong presumption of fraud to the transaction; and when to this is added the facts that this bill was then pending, the judgment having been previously obtained, the embarrassment of the Beals, and the admitted fact that this was the only property of the defendants Beals which could be reached by execution, would seem to leave no doubt that the conveyance was made to prevent the satisfaction of the judgment. In the case of Harrison v. Southcote, 1 Atk. 538, where a conveyance of land for the nominal consideration of £4,500, only £100 being paid down and the bond of the purchaser given for the balance, without mortgage or other security, was held by Lord Hardwicke as merely colorable and fraudulent.

By his demurrer, Welles admits that he has taken the effects of the Beals from the judgment debtors, as alleged in the bill. From the filing of the bill, a specific lien attached to these effects; and in the hands of Welles, they must be considered subject to the complainant's demand. 3 Paige, 568, 366; 4 Paige, 42 and 43; and 5 Johns. Ch. 280. The double aspect of the bill is not objectionable; and the issuing of a second and third execution does not operate against the right of the complainant to file it. Storm v. Badger, 8 Paige, 130; Clark v. Davis, Har. [Mich.] 234 235.

The averments in relation to the return of the executions, are sufficient to sustain the bill. It is not necessary to aver that the marshal searched for property. He returns that he could find no property, under his official sanction; and that is all that the law requires. Before the return day, the execution was returned; but the bill was not filed until after that day; and this is sufficient. Rev. St. 481, § 8; 8 Paige, 470. An objection is made to the regularity of the judgment; but this can only be decided by a court of law. It is not the province of a court of chancery on a creditor's bill, to correct the errors of a legal procedure. In Shottenkirk v. Wheeler, 3 Johns. Ch. 279, 280, Chancellor Kent says "that a court of chancery has no jurisdiction over the question of irregularity in a judgment at law." A court of law grants relief on terms which a court of equity cannot impose. On the hearing, it is proper to produce in evidence the record of the judgments and executions set forth in the bill A part of the bill may be taken as confessed, and a final decree entered. 8 Paige, 593, 594.

Upon the whole, the demurrer of the defendant Welles to the bill is overruled, and the sale of the property is ordered in satisfaction of the judgment.