GEORGE B. SCOVILLE, AS RECEIVER, ETC., OF JOEL A. HALLADAY, APPELLANT, v. BRONSON A. SHED AND MARION SHED, RESPONDENTS, IMPLEADED, ETC

*Judgment creditor's action — when maintainable after the judgment has ceased to be a lien upon real estate — Code of Civil Procedure, sec. 1871.*

March 9, 1870, one Halladay recovered a judgment against the defendant Bronson A. Shed, upon which an execution was issued and returned unsatisfied. January 8, 1878, a farm was conveyed to the wife of Bronson, the consideration therefor being, it was alleged, paid by Bronson, and the title being taken in her name to prevent his creditors from collecting their claims. In 1883 this action was brought by the plaintiff, who had been appointed a receiver of Halladay's property March 8, 1880, to procure a judgment declaring that the husband owned, or had an interest in the farm, and to charge it with the payment of the plaintiff's claim through a receiver to be appointed, with power to sell.

*Held*, that the court erred in dismissing the complaint upon the ground that the judgment had ceased to be a lien upon the real estate at the time the action was commenced; that the action was maintainable by the judgment creditor under sections 1871, *et seq.*, of the Code of Civil Procedure.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

March 9, 1870, Joel A. Halladay recovered a judgment against Bronson A. Shed and John N. Loehr for $642.42, upon which eighty-three dollars was collected in April, 1870. The remainder of the judgment is unpaid. Two executions have been returned unsatisfied upon the judgment. March 8, 1880, the plaintiff in this action was appointed the receiver of the property of Joel A. Halladay, and the title to the judgment then became and has since remained vested in the receiver. January 8, 1878, a farm was conveyed to Marion Shed, the wife of Bronson A. Shed. It is alleged in the complaint that the farm was paid for by Bronson A. Shed (the judgment debtor), and the title taken in the name of the wife to prevent the husband's creditors from collecting their claims. This action was begun January 29, 1883, to recover a judgment, declaring that the judgment debtor owned, or had an interest in the farm, and to charge it with the payment of the plaintiff's claim through a receiver to be appointed, with power to sell. Upon the trial, evidence was given tending to show that the farm was paid for in part by the husband. The court refused to determine whether the husband had paid for the farm in part, on the ground that the judgment having ceased to be a lien on real estate, the action could not be maintained. A decision was signed and filed, to which the plaintiff excepted. Neither defendant pleaded the statute of limitations as a bar to the action. Judgment was entered dismissing the complaint, with costs, from which the plaintiff appeals.

*Wayland F. Ford,* for the appellant.

*O'Brien, Emerson & Ward,* for the respondents.

FOLLETT, J. :

When a debtor transfers to a fraudulent transferee the legal title to property subject to sale on execution, a judgment creditor may disregard the conveyance, sell the property while in the hands of the fraudulent transferee under an execution, and if possession is withheld from the purchaser, he may establish the fraudulent transfer and recover the property in ejectment or replevin. This is the common-law remedy which has existed since the statute of 13

Elizabeth, chapter 5. Instead of resorting to this legal remedy, a judgment creditor may maintain an action to set aside the fraudulent conveyance in aid of his execution, but if by lapse of time, or for any cause a sale cannot be had under the execution, such an action cannot be maintained. The early English cases and some of the early cases in this State, held that a bill in equity could not be maintained for the recovery of property, unless it was such as was subject to sale under execution, that equity followed the law, and that money, stocks, etc., were not enumerated in the statute above cited. This doctrine was exploded in *Spader* v. *Davis* (5 Johns. Ch., 280; affirmed *Hadden* v. *Spader*, 20 Johns. 554). Subsequently the doctrine of the case last cited was somewhat limited in *Donovan* v. *Finn* (Hopk., 59), which led to the enactment of the section of the Revised Statutes, which provided that a judgment creditor might file a bill in chancery against the judgment debtor and any other person, to compel the discovery of any property or thing in action belonging to the judgment debtor, or of any property, money or thing in action due or held in trust for him, whether the same might or might not have been originally taken in execution. (2 R. S., 173, 174, §§ 38 and 39.) This provision of the Revised Statutes is continued by sections 1871 and 1873 of the Code of Civil Procedure, and when property is discovered it may be recovered. (2 R. S., 135, § 1; Id., 137, § 1.) The case at bar is not to set aside a conveyance in aid of the judgment. The judgment debtor never held the legal title to the farm, and, setting aside the deed to the wife, would not vest the title in the husband, or in any way aid the collection of the judgment by an execution. (*Garfield* v. *Hatmaker*, 15 N. Y., 475.) This action is brought under the sections of the Code above cited, to recover property paid for by the husband and held by the wife. Should it be established on the trial that this property was paid for by the husband, in whole or in part, it, or his interest therein, could be applied in payment of the plaintiff's claim notwithstanding the judgment never was a legal lien on the farm and notwithstanding the fact that more than ten years have elapsed since it was recovered. The court erred in refusing to determine the question of fact and in dismissing the complaint on the ground that the action cannot be maintained because the judgment is not a lien on real estate.

The judgment should be reversed, and a new trial ordered, costs to abide the event.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment reversed and new trial ordered, costs to abide the event.