HORACE B. CLAFLIN AND OTHERS, RESPONDENTS, *v.* DONALD GORDON AND ABRAHAM E. WOLLF, APPELLANTS.

*Judgment creditors' action — lien acquired by the plaintiff first commencing it — priority of it over that acquired by other creditors subsequently becoming parties.*

This action was commenced on January 26, 1884, to set aside, as fraudulent, a general assignment, made by one Gordon to one Wollf, on December 20, 1883. The action was founded on a judgment recovered against Gordon on January 21, 1884, upon an indebtedness existing at the time of the assignment, upon which judgment an execution had been issued and returned unsatisfied. At that time a considerable portion of the assigned property consisted of goods which were, on January 29, 1884, sold by the assignee, the proceeds of the sale being received by him..

The action was brought, as appeared from the title of the summons and complaint, and from the allegations of the latter and the prayer for relief by the members of the firm, "in behalf of themselves and all other judgment-creditors of Donald Gordon, similarly situated, who shall hereafter join in this action." At the time the action was brought but one of the creditors of Gordon, other than the plaintiff, had recovered a judgment and issued an execution thereon which had been returned unsatisfied. After the action had been commenced, other creditors had recovered judgments and issued executions thereon which were returned unsatisfied. After the entry of the interlocutory judgment, setting aside the assignment, these latter creditors appeared before the referee, made proof of their judgments, and claimed to be entitled to share equally with the plaintiffs in the funds in the hands of the assignee.

*Held,* that the claim was not tenable; that only such creditors as were, at the time the action was commenced, in the same situation as the plaintiffs — that is, had judgments upon which executions had been issued and returned unsatisfied — were entitled to share equally with them in the proceeds, and that they were entitled to priority as against all general creditors who subsequently recovered judgments.

APPEAL by certain creditors of the defendant Donald Gordon from so much of the judgment, entered upon the decision of the

Monroe Special Term, as adjudges that the defendant Wollf, as receiver, etc., shall first pay the judgments of the plaintiffs and Cooper & Co., and that until they are paid nothing shall be paid out of this fund upon the judgments of the appellants. The action is in the nature of a creditor's bill, and was commenced on the 26th day of January, 1884, to set aside as fraudulent as against the creditors of Gordon a general assignment made by him to the defendant Wollf, December 20, 1883. In the title of the action in both the summons and the complaint following, the names of the persons composing the firm of Horace B. Claflin & Co. is added " in behalf of themselves and all other judgment-creditors of Donald Gordon, similarly situated, who shall hereafter join in this action." And the introduction of the complaint is: " The plaintiffs appearing * * * and complaining on behalf of themselves and all other judgment-creditors of the defendant Donald Gordon, whose executions have been returned unsatisfied, and who shall, in due time, come in and seek relief by and contribute to the expenses of this action," etc. And the prayer for relief, amongst other things, demands judgment " that the assignment be adjudged fraudulent and void as against the plaintiffs and such other judgment-creditors of said defendant Donald Gordon as shall elect to come in and share the expenses of this action." The action was founded upon a judgment of Claflin & Co. against Gordon of upwards of $200,000, recovered January 21, 1884, on an indebtedness existing prior to the time of the assignment, execution on which had been issued and returned unsatisfied before the action was commenced. There was a large number of other creditors having claims amounting to about $150,000, most, if not all, of which were preferred by the assignment. But at the time of the commencement of this action no judgment had been recovered by any of such creditors except Cooper & Co., whose judgment was recovered January 23, 1884, execution on which was returned the day following unsatisfied.

Both defendants answered, and after the trial of the issues the court found and determined that the assignment was " fraudulent and void as against the judgment of the plaintiffs and as against all other judgment-creditors who have acquired a lien upon the property of said Gordon ; that the plaintiffs are entitled to be paid the amount of their said judgment or so much thereof as the moneys

or property applicable thereto will pay ; that all creditors of Gordon, who are entitled thereto, may share in the fund in the hands of said Wollf, and that it be referred to John S. Morgan, Esq., to take an account," and an interlocutory judgment to that effect was entered January 14, 1885. In March following, the referee made his report by which it appears that the appellants had recovered judgment on their respective claims against Gordon and appeared and made proof of them before the referee, and claimed the right to share with the plaintiffs in the fund. Upon the coming in of this report the court held that the judgments of the plaintiffs and Cooper & Co. were first to be paid, and appointed Wollf receiver, and final judgment was entered accordingly. The appellants having taken exception, appeal from such direction of the judgment for the payment of the fund.

*William F. Cogswell*, for the appellants.

*S. F. Kneeland*, for the respondents.

BRADLEY, J. :

The question is : what right did the appellants derive from the successful prosecution of the action ? They contend that by the invitation and opportunity given to the creditors by plaintiffs' complaint, they were permitted for all practical purposes to become parties to the action, share with the plaintiffs the expenses and benefits of it, and entitled, on coming in, to a standing equal with that of the plaintiffs in respect to the result and in the distribution of the fund.

The plaintiffs were at liberty to bring their action either for their exclusive benefit or in behalf of themselves and other creditors of the assignor similarly situated. (*Edmeston* v. *Lyde*, 1 Paige, 637 ; *Parmelee* v. *Egan*, 7 id., 610.) They chose the latter course and thereby gave to such other creditors the right to come in and make the action available to them, and as effectual in their behalf as if they had commenced actions themselves subject, however, to the power of the plaintiffs to discontinue their action at any time before judgment. (*Mattison* v. *Demarest*, 19 Abb., 356 ; *Derby* v. *Yale*, 13 Hun, 273.) The appellants, in the exercise of their right, did come in and prove their claims, and at that time they had, by

judgments and return of executions thereon unsatisfied, placed themselves in a situation to seek relief by independent actions or through this action. The question arises : what was the relief to which they were entitled? If they were entitled to share equally with the plaintiffs in the fund, they derive some benefit from the action. But if they are to be postponed until the plaintiffs' judg ment is satisfied, and to rely upon what may remain, they evidently will realize little or nothing from the fund, as it will be substantially exhausted by the payment of such judgment.

The rights of creditors who had judgments against the assignor, on which executions had been returned unsatisfied at the time of the commencement of the action, were, on their election in due time made, entitled to avail themselves of it equal to those of the plaintiffs in the results derived from recovery. And on coming in and making that appear, were entitled to share with them *pro rata* in the fund. This was held by the trial court, and the creditors, Cooper & Co., having that position, took the benefit of it. And the reason for its support is that in view of the invitation given by the plaintiffs, the situation of the last named creditors was such as to enable them to assume, in practical effect, the relation of plaintiffs as of the time the action was commenced. None of the other creditors had judgment at the time the action was brought, and, therefore, were not then in a situation to become parties plain- tiff to an action of this character. In that fact is found the reason which distinguishes their relative situation from that of the plain- tiffs. And the superior rights of the latter are substantial if any advantage may be derived from the commencement of the action. That question has some importance in this case, for if the plaintiffs have, as against the appellants, no other or greater rights in respect to the fund than they would have had if the action had not been instituted prior to the return of the executions upon the judgments of the latter, then their relation to the fund is no better than that of those creditors. This is the foundation of the contention on the part of the appellants. By the commencement of an action in equity, by a judgment-creditor as such, he obtains a lien upon the things in action and equitable interests of the debtor, which is defeasible until, and becomes effectual upon, his recovery of judg- ment. (*Edmeston* v. *Lyde*, 1 Paige, 637 ; *Eager* v. *Price*, 2 id.,

333; *Clarkson* v. *De Peyster*, 3 id., 320; *Utica Ins. Co.* v. *Power*, Id., 365; *Storm* v. *Waddell*, 2 Sandf. Chy., 494; *Boynton* v. *Rawson*, Clarke, 584.)

But the rule is otherwise in respect to property which is the subject of levy by execution, in so far that the action is no interruption to such legal remedy. And no lien is acquired in or by the action to defeat the right to make such levy until a receiver is appointed. (*Davenport* v. *Kelly*, 42 N. Y., 193; *Albany City Bank* v. *Schermerhorn*, Clarke, 297; *Storm* v. *Badger*, 8 Paige, 130.) The creditor may, in such case, obtain a specific lien by the levy of his execution, and bring action in aid of it for the removal of obstruction and for determination of his right to sell and vest title by the sale. (*Beck* v. *Burdett*, 1 Paige, 305.) At the time of the commencement of this action a very considerable portion of the assigned property consisted of goods in store in the city of Rochester, which were then the subject of levy by execution, but shortly after, and on the 29th day of January, 1884, they were sold by the asignee for $175,200, and the proceeds deposited by him in banks to his credit, which constitute a part of the fund in question. From and after the time of such sale the execution leviable character of the property disappeared, and the proceeds of it were held by him in the form of credits, with his bankers, and had the nature of choses in action.

The proceeds in the form they had taken cannot be deemed property acquired subsequently to the commencement of the action, but the same property in a changed form and condition, which the plaintiffs sought to obtain in the outset. And it would seem that when it was thus converted that an equitable lien existed in behalf of the plaintiffs by force of the action, because except as against legal process of execution to which those proceeds were not then exposed they were charged by the action for the purposes of the result given by the judgment. The effect of the commencement and prosecution of the action in respect to the property and upon the relation to it of the parties may have an important bearing on the question under consideration. The situation produced by an action in equity is such that the parties have not the right during its pendency to voluntarily dispose of the property involved in and sought by it, so as to defeat the operation of the judgment that

may be recovered. This results from the defeasible charge given by the action upon the property, the perfection of which is dependent upon the result. And as a necessary consequence third persons charged with notice of its pendency are affected in like manner, so that the property may be protected for the purposes of the action against interference or the taking of any right by means of transfer of it to the prejudice of the relief of the plaintiff derivable from the result of it. (1 Story's Eq. Jur., §§ 405, 406; *Murray* v. *Ballou*, 1 Johns. Ch., 566; *Heatley* v. *Finster*, 2 id., 158; *Green* v. *Slayter*, 4 id., 38; *Scudder* v. *Van Amburgh*, 4 Edw., 29; *Hadden* v. *Spader*, 20 Johns., 554; affirming 5 Johns. Ch., 280.)

The familiar doctrine of *lis pendens* has no importance here as relates to third persons, because the appellants have acquired no rights in respect to the property and fund in question other than that derived from their relation to the action, and furnished to them by its prosecution and result. When there is no interruption by any effectual intervening rights of others, the successful result of an action brought to reach property, has relation to the time of its commencement, and the judgment perfects the relief sought as of such time, so that the defendants, in the meantime, cannot legally do anything with the subject of the action to impair the beneficial effect of the judgment, nor can a third person, affected by notice of the action and its purpose, be permitted (except by proceeding *in invitum* by legal process) to acquire any rights to the prejudice of the relief which the judgment purports to give to the plaintiffs. This doctrine is founded in the necessity for the preservation of the rights of parties litigant during the pendency of actions and for the efficiency of results. (*Murray* v. *Ballou*, 1 Johns. Ch., 566–576; *Bellamy* v. *Sabine*, 1 De G. & J., 566.)

It would, therefore, seem that rights are acquired by a plaintiff in an action of the character of the one at bar by its commencement, and as of that time. And in that view, the question as to the character and condition of the property at the time of the commencement of the action is, perhaps, not important. The right then accrued to the plaintiffs and those who were similarly situated, in respect to the property which could not be divested without the aid of legal process, and as against other creditors not so situated

they had priority in the nature of a lien which characterized the relief and its effect given by the result.

The appellants assert here no rights to the fund, founded upon any interest acquired, other than through the prosecution to judgment of this action. They could not come in at the time the action was instituted, because their situation did not permit them to do so. They were then creditors at large of the assignor, and not, therefore, permitted to attack his assignment. Their rights are relative and arise as of the time they were permitted to assert them for the purposes of the relief in view by the action. And to support such action the requisite facts were judgments and the return of executions unsatisfied. (*Adee* v. *Bigler*, 81 N. Y., 349 ; *Adsit* v. *Butler*, 87 id., 585.) The appellants did not attain that situation until considerable time after the action was commenced, and in the meantime evidently relied upon the assignment and its preferable provisions for their protection.

While the proposition that " equality is equity " is a cardinal principle, it does not deny to successful diligence suitable reward. The plaintiffs took the burden of initiating and conducting the prosecution of the attack upon the assignment, and gave to the other creditors similarly situated the opportunity of availing themselves of the result of the action. And when they elected and were enabled to do so they took their places in the order which the requisite preliminary steps taken by them respectively placed them. (*Edmeston* v. *Lyde*, 1 Paige, 637, 640 ; *Parmelee* v. *Egan*, 7 id., 610, 613, 614 ; *Corning* v. *White*, 2 id., 567 ; *Fitch* v. *Smith*, 10 id., 9.) If these views are correct, it follows that the appellants are not entitled to take *pro rata* with the plaintiffs the fund in controversy. The rule is otherwise when an action is brought, not in hostility to an assignment, but to carry it into effect, or to compel the execution of a trust, also in cases of the enforcement of obligations, contracts and securities in which by force of the instruments or by operation of law, several persons are in like manner interested. Then their respective rights must be observed and diligence in proceeding gives no relative advantage or preference. ( *Wakeman* v. *Grover*, 4 Paige, 23 ; *Kerr* v. *Blodgett*, 48 N. Y., 62 ; *Travis* v. *Myers*, 67 id., 542 ; *Prouty* v. *M. S. and N. I. R. R. Co.*, 1 Hun, 655.) And the same effect is given to actions of creditors of

deceased persons to reach the estate of the decedent. (*Edwards* v. *Harben*, 2 Durn. & E., 587; *Bate* v. *Graham*, 11 N. Y., 237; *Johnson* v. *Waters*, 111 U. S., 640–674.

The view taken of the case renders it unnecessary to consider the question, whether the appellants have so ratified the assignment and elected to take the benefits of it as to have denied to themselves or waived the right to come in and make the action and its results available to them.

The portion of the judgment appealed from, should be affirmed.

SMITH, P J., BARKER and HAIGHT, JJ., concurred.

The part of the judgment appealed from affirmed, with costs.