JULIA MORRIS, RESPONDENT, *v.* JOHN MORRIS AND OTHERS, APPELLANTS.

*Fraudulent conveyance — action to set it aside — evidence of sufficient personal property of the debtor in the hands of the creditor to pay the claim.*

One Julia Morris made an agreement with her son that, in consideration of a transfer of personal property made by her to him, he would support her and his father on his farm. The son broke the contract, and Julia Morris recovered a judgment against him for damages and costs, amounting to $252.06, upon which an execution was issued, and was returned *nulla bona*. She then brought an action to set aside a fraudulent transfer of a farm made by the son before the entry of her judgment, but recorded after it.

Upon the trial the defendants offered to show that Julia Morris took away from the son's farm, when she left, some or all of the property which she had transferred to him as the consideration of his agreement to support her and his father; that the property so taken was worth $800, and that the sheriff had been directed to levy upon it in the possession of Julia Morris.

*Held,* that it was error to exclude the evidence.

That the case, as presented upon appeal, must be decided upon the assumption that when Julia Morris issued execution upon her judgment, she was in possession of personal property of her son sufficient to pay her judgment against him in full.

APPEAL by the defendants, John Morris, S. Marie Morris and Marie S. Crowe, from a judgment, entered in the clerk's office of Rockland county July 10, 1891, in favor of the plaintiff and against the defendants, after a trial before the court and a jury at the Rockland Circuit, with notice of an intention to bring up for review upon such appeal an order made July 20, 1891, appointing a receiver.

*Garrett Z. Snider,* for the appellants.

*Arthur S. Tompkins,* for the respondent.

BARNARD, P. J.:

The plaintiff made an agreement with her son, the defendant John Morris, that in consideration of a transfer of personal property to the son by the mother, that he, the son, would support the mother and her husband on his farm. The son broke the contract and the plaintiff obtained a judgment against him for damages and costs, $252.06, on the 6th of October, 1890. An execution was returned unsatisfied, and the plaintiff by this action seeks to set aside

a transfer by the son of his farm made the 20th of September, 1890, but not recorded until after the trial of the action for breach of contract. The defendant John Morris transferred the farm to his mother-in-law, the defendant, Mrs. Crowe. An express agreement was shown that the transfer was made to prevent the plaintiff from collecting her judgment. The consideration was not real, and the transaction was not done in good faith. The only question, therefore, is whether the trial was had without error. The defendants offered to show that the plaintiff took away from the farm in question, when she left, some or all of the property she had assigned to her son as the consideration of her agreement with him. That this property was worth $800 as claimed by John Morris. That the sheriff was told to levy on this property in the possession of his mother. The evidence should have been received. (*Cuyler* v. *Moreland*, 6 Paige, 273; *Storm* v. *Badger*, 8 id., 130; *Forbes* v. *Waller*, 25 N. Y., 430.)

The case must now be decided upon the assumption that, at the time of the issuing and return of the execution against John Morris, the plaintiff had abundant personal property of his in her possession out of which to pay the same, with all costs.

The judgment should be reversed and a new trial granted, costs to abide event.

PRATT, J., concurred.

Judgment reversed and new trial granted, costs to abide event.